Argued December 4, reversed with instructions December 19, 1952,
petition for rehearing denied January 14, 1953

# BUSCHKE *v.* DYCK

251 P. 2d 873

*E. B. Sahlstrom*, of Eugene, argued the cause and filed a brief for appellant.

*Donald C. Walker* argued the cause for respondent. On the brief were Phelps, Burdick & Walker, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

This is an appeal from a decree dismissing plaintiff's complaint wherein he sought a partnership accounting. The sole question to be decided is whether or not a partnership existed between plaintiff and defendant, it being plaintiff's theory that the parties associated themselves as partners for the operation of logging equipment whereby the plaintiff was to provide skill and actual labor in the operation of said equipment, while the defendant was to supply the capital for the purchase of necessary equipment and keep the books and look after the finances; that the parties were to divide equally the profits from the operation after plaintiff had received his living expenses. It is the defendant's theory that the plaintiff was hired as an employe working at an hourly rate of $2.

The parties are at variance over the alleged partnership agreement. In this connection plaintiff's testi-

mony is to the effect that he met the defendant through his (plaintiff's) wife, who operated a beauty shop in the Ramapo Hotel in Portland, said hotel being owned by defendant; that he had had over 20-years' experience as a "cat-skinner" in logging operations; that he and defendant had an agreement that the defendant was to provide the money to finance the business of logging and that he, plaintiff, was to conduct the logging operations; that from the logging operations plaintiff was to receive his living expenses, and the profits should be divided equally between them; that pursuant to such agreement they engaged in four logging operations wherein the agreement was carried into effect, excepting that defendant failed to account to plaintiff for the profits.

On the other hand, defendant denied such an agreement and testified that plaintiff was merely working as an employe and had received approximately $10,000 for his wages over a period of some three years.

■ The law of partnership is well established, and there is no real disagreement between the parties on this matter; however, it is proper to say that the partnership relation is founded on voluntary contract, and conduct between the parties, rather than the language used, is often determinative of whether or not a voluntary association in a business enterprise creates a partnership. For a comprehensive exposition of this matter, see *Preston v. State Ind. Accident Com.,* 174 Or 553, 149 P2d 957.

Let us now look to the conduct of the parties with reference to the logging operations. In the first place, checks in payment of one of the jobs were made payable to both plaintiff and defendant. In another instance, the party for whom work was being done failed to pay

the balance due on the work, and an action was commenced in Multnomah county for the balance of the proceeds of the job in the names of plaintiff and defendant. Defendant, during the progress of the work, filed with the State Industrial Accident Commission a "Notice Of Engaging In Hazardous occupation", which, insofar as pertinent and omitting title, follows:

"To the STATE INDUSTRIAL ACCIDENT COMMISSION, SALEM, OREGON

"The undersigned hereby give notice of engaging as an employer in a hazardous occupation, as defined by the Workmen's Compensation Law (Title 102, Chapter 17, O. C. L. A., as amended).

First Name (employer)  Dyck & Buschke

Post office address    Portland 5 % D. H. Dyck  
1337 S. W. Wash. St. Ore.

Occupation or business covered by this notice (describe fully) Logging

Do you furnish all necessary equipment? yes Describe power equipment used cat; rigging

Do you furnish all necessary materials? yes Principal materials used timber

Present location of each separate plant or operation (distance and direction from nearest city) Luethe Property on McManee Road 3 miles from Burlington

Exact location where pay rolls may be audited 1337 S. W. Wash. St.

Date workmen first employed Ab. 3-1-48 Number of workmen employed 2 to 3

If a continuing operation, give estimated monthly payroll 500 to 600

\* \* \* \* \*

Is employer a corporation, partnership, or individual? Partnership

\* \* \* \* \*

If employer is individual give full name; if partnership, names of all partners; if corporation, names of all officers and directors.

| First Name | Middle Name | Last Name | * * * Percentage of Ownership Held By Each Member | |
|---|---|---|---|---|
| David | Henry | Dyck | 50 | % |
| William | | Buschke | 50 | % |

\* \* \* \* \*

"Signed at Portland, Oregon, this 25 day of March, 1948.

    "Firm Name (Employer) Dyck & Buschke
        By [signed] D. H. Dyck
        By [signed] Wm. L. Buschke"

There are a number of invoices in the record showing billings to "Dyck & Buschke". There is another exhibit showing payments of $17,991.21 to "William L. Buschke and D. H. Dyck d.b.a. Dyck and Buschke".

Further, we find an agreement for the sale of a diesel tractor to Ross Overholser signed by "Dyck and Buschke by Bill Buschke", and two checks in the amounts of $2,000 and $1,171 respectively, made out to "Dyck and Buschke" and endorsed by these two gentlemen, and, finally, there is a postal card in evidence addressed to Perkins Oil Co., which contains this language: "Sirs: As of this date stop all credit on Dyck and Buschke account. Signed D. H. Dyck."

There was testimony that plaintiff and defendant held themselves out as partners, and two disinterested witnesses testified that defendant had told them that plaintiff and defendant were partners.

The defendant admitted during the trial that at no time had he deducted either state or federal withholding

taxes from advances of money made to the plaintiff as wages, nor had he made social security reports to the federal government for Mr. Buschke.

Defendant offered no plausible explanation of the foregoing transactions.

■ Defendant introduced in evidence a document signed by the plaintiff wherein he stated that he had no interest in the equipment nor the funds from the rental of the equipment. It is claimed that this was an admission against plaintiff's interest. This statement was in nowise inconsistent with plaintiff's claim of partnership since plaintiff never claimed any interest in the equipment nor the proceeds from the rental thereof. His claim is based on profits from his operation of the equipment.

There is in evidence a deposition in the case of *D. H. Dyck et ux v. B. & R. Machinery Sales,* a corporation, wherein plaintiff testified that he had had nothing to do with the purchase of the tractor involved in that lawsuit, and that he was only the operator of it. This is likewise compatible with his alleged claim of partnership.

Defendant relies on *First Nat. Bank of Eugene v. Williams,* 142 Or 648, 20 P2d 222. The evidence in that case strongly preponderates against the existence of a partnership and is of no help to defendant.

■ Defendant cites *Meads v. Stott,* 193 Or 509, 238 P2d 256, 239 P2d 594, and inferentially argues that the evidence in that case more fully establishes a partnership than the evidence in the present case, and that that decision outlines a pattern for the determination of the existence of a partnership. Each case must be decided on its own set of facts and circumstances, and the fact that the evidence in one case may be overwhelming in favor of a partnership is no reason why a partnership

may not be established in another case by a preponderance of the evidence, although the evidence may not be as strong as that adduced in some other case.

■ Defendant emphasizes the point that great weight should be given to the decision of the trial court because it had an opportunity to see and hear the witnesses. This salutary rule is often applied where the evidence consists chiefly of testimony of witnesses, their credibility primarily being within the province of the trial court, but where we have a case based largely on documentary evidence, as we have in the instant case, the above rule has slight applicability.

■ We hold that the evidence strongly preponderates in favor of plaintiff's claim that a partnership existed between the parties. The opinion of the lower court is reversed with instructions to proceed to an accounting between the parties.